**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **FLAVIO PELLICCIONI,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-950-KC** |
| | § | |
| **WARDEN, ERO EL PASO CAMP** | § | |
| **EAST MONTANA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered Flavio Pelliccioni's Petition for a Writ of Habeas Corpus, ECF No. 1. On April 7, 2026, the Court ordered Respondents to show cause why the application for a writ of habeas corpus should not be granted. Apr. 7, 2026, Order, ECF No. 3.

Pelliccioni, a citizen of San Marino, entered the United States on February 9, 2025, under the Visa Waiver Program ("VWP"). Pet. ¶¶ 2, 15–16, 22. Immigration authorities detained him on December 22, 2025. *Id.* ¶ 18. Pelliccioni is detained at the ERO El Paso Camp East Montana detention center in El Paso, Texas. *Id.* ¶ 10. Pelliccioni is in asylum-only removal proceedings. *Id.* ¶ 3, 25. Respondents have not issued a Notice to Appear ("NTA"). *Id.* ¶ 4. Thus, although he has requested a custody redetermination with the immigration court, an immigration judge took no action because the NTA has not been filed. *Id.* ¶ 4, 27. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 30–66; *see id.* at 17.

Respondents argue that the Court cannot review "any issues directly related to a VWP removal order" and that an immigration judge ("IJ") cannot conduct a custody determination for VWP entrants who have not been served with an NTA. Resp. 5, ECF No. 3 (citation omitted).

Respondents are correct that individuals who entered the country under VWP are removable "without referral of the alien to an immigration judge for a determination of deportability." *See* 8 C.F.R. § 217.4(b)(1).  Thus, VWP entrants who overstay their authorized duration are generally not entitled to contest their expedited removal from the country.  *Lavery v. Barr*, 943 F.3d 272, 273 (5th Cir. 2019).  But there is a caveat to this rule.  VWP overstays may contest their removal by applying for asylum.  *McCarthy v. Mukasey*, 555 F.3d 459, 460 (5th Cir. 2009) (citation omitted).  Where a VWP entrant does not seek asylum, their removal order is considered final upon overstay, and this Court cannot consider challenges to their detention until it becomes unreasonably prolonged—generally, only when it exceeds six months.  *See, e.g.*, *Culleton v. De Anda-Ybarra*, No. 3:25-cv-554-KC, 2026 WL 194306, at *4 (W.D. Tex. Jan. 23, 2026) (citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)).

Here, Pelliccioni challenges his detention during the pendency of his asylum-only proceedings without an opportunity for a meaningful individualized custody determination.  *See* Pet. ¶¶ 25, 30–66; Resp. 4–5.  The Court may consider this claim because, unlike the mine run of VWP overstay cases, Pellicioni's removal order "will not become final unless and until the asylum claim is denied."  *See AMM v. Thompson*, No. 5:25-cv-1210-FB, 2025 WL 3296315, at *2–3 (W.D. Tex. Nov. 26, 2025) (granting habeas petition and ordering release of VWP overstay during pendency of her asylum-only proceedings).

Next, Respondents argue that Pelliccioni's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1.  The *Buenrostro-Mendez* panel opinion held that 8 U.S.C. § 1225 does not entitle a wide swath of noncitizens to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  It is doubtful that *Buenrostro-Mendez*'s reading of § 1225

2

would apply to someone like Pelliccioni, who was lawfully admitted to the country and overstayed. *See generally id.*; Resp. 5–6, 13–17; *AMM*, 2025 WL 3296315, at \*3. Nevertheless, the Court assumes without deciding that *Buenrostro-Mendez* requires the denial of the Petition in part as to the statutory claim.

Regardless, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at \*2 (W.D. Tex. Feb. 23, 2026) (citations omitted). "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'" *Id.* at \*2 (citations omitted). Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in *Buenrostro-Mendez*." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at \*3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

Here, because Pellicioni is not subject to a final order of removal and because he was previously permitted to live at liberty in the United States, due process entitles him to an individualized custody determination while his removal proceedings are ongoing. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–27, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at \*1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at \*1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at \*1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at \*1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-

361-KC, 2025 WL 2792588, at \*10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88.

Thus, after careful consideration of the entire record,[1] Pelliccioni's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before April 22, 2026**, Respondents shall either: (1) provide Pelliccioni with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Pelliccioni's continued detention; or (2) release Pelliccioni from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before April 22, 2026**, Respondents shall **FILE** notice informing the Court whether Pelliccioni has been released from custody.  If Pelliccioni has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Pelliccioni is released from custody, Respondents shall **RETURN** all of his personal property in Respondents' custody, without which his liberty interest will be affected, to him upon release.  Such property includes, but is not limited to, identification documents.

**There will be no extensions of the April 22, 2026, deadlines**.

---

[1] The relevant facts are undisputed, *see* Resp. 3–4, and the Court therefore grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Pelliccioni's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy.  *See, e.g., Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at \*3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at \*5 n.1).

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 15th day of April, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE